*211 OPINION.
Lansdon:
We think the holdings of the respondent must be sustained. Whatever may be said in favor of the unit-of-production method urged by the petitioner, it is obvious that some reasonable estimate of the mineral reserve must be shown in order to determine that portion of the cost of the plant borne by each unit of production. A further showing that the established reserve is reasonably certain to be exhausted within the estimated time must also be made. In neither of these essentials has the petitioner sustained the burden of proof incumbent upon him. Respecting the produc *212 tive life of petitioner’s reserve, we have only the statement of Ramsey who says , that at the time he decided to build the plant the known gas supply was very small, with insufficient flow to supply fuel for the boilers. He further stated no one could know how long the Avells would last and that he was largely influenced in building the plant through politics and pressure brought to bear upon by the city.
The record, on the whole, indicates that it was the whole Long Beach gas field that Ramsey looked to for future supply of raw material for his plant and that the recovery from his own leases was but one of the several factors that entered into his scheme of operation when he decided to build. In this connection he testified: “We scoured the country thoroughly and got all of the gas we could get at that particular time and figured if we could run the plant a year and a half or two years we might get out of it.” With a picture of the field as the record shows it to be at the time Ramsey built his plant, in its primitive stage of development, it is clear that the project was largely speculative and that no reliable basis existed for determining its productive life. In view of these uncertainties and of the fact that the petitioner’s plant was still operating in 1928, with increased production, we are of opinion that the determination of the respondent should be approved.

Decision will be entered for the respondent.